<u>UNITED STATES DISTRICT COURT</u>
<u>NORTHERN DISTRICT OF NEW YORK</u>

ERROL RICHARD DODD,

                           Plaintiff,

        -against-                                                 5:19-CV-0560 (LEK/TWD)

PATRICK O'SULLIVAN, *et al.*,

                           Defendants.

_____

## **<u>MEMORANDUM-DECISION AND ORDER</u>**

### **I.    INTRODUCTION**

Pro se plaintiff Errol Richard Dodd brings this complaint against Judge Patrick O'Sullivan, Magistrate Todd Dexter, the State of New York, and the Madison County Family Court. Dkt. No. 1 ("Complaint"). After granting Plaintiff's motion for leave to proceed in forma pauperis ("IFP"), the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, reviewed the Complaint under 28 U.S.C. § 1915(e)(2)(B) and recommended that the Court dismiss Plaintiff's claims without leave to amend. Dkt. No. 8 ("Report-Recommendation") at 12. Plaintiff objected. Dkt. No. 9 ("Objections").[1] For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

### **II.    BACKGROUND**

As Judge Dancks noted, Plaintiff's Complaint "is not a model of clarity." R. & R. at 2. While Plaintiff uses a pro se form designed for a civil case alleging negligence, Compl. at 1, he

---

[1] Plaintiff submitted two sets of objections. <u>See</u> Dkt. Nos. 9, 10. Other than slight formatting differences, however, the documents are identical. When the Court cites Plaintiff's Objections, it refers to the pagination of Docket 9.

appears to assert claims stemming from a family court matter. Specifically, he asserts that his "civil rights have been violated" because he "was not proven to be an 'unfit' parent before terminating [his] parental rights, without due process." Id. at 2. Plaintiff also alleges that his "children are being denied appropriate counseling for injuries sustained by these actions by the court." Id. He seeks monetary relief and the restoration of his parental rights. Id. at 4. Plaintiff also includes in his Complaint a single-spaced, sixteen-page document that in large part outlines his proposals to "correct the psychological injury that is occurring to the child and ensure each and every child is set on a course of health, wellness and prosperity," and he demands royalties or a payment of $6.66 billion should the program be implemented. Id. at 14–15.

Judge Dancks recommended dismissing the Complaint for a lack of subject matter jurisdiction under the Rooker-Feldman doctrine and the domestic relations exception. R. & R. at 12. She also recommended that, even if there were subject matter jurisdiction, the Complaint be dismissed under 1915(e)(2)(b)(iii) because all defendants are entitled to immunity. Id.

## III.   LEGAL STANDARD

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time" if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action IFP, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint before permitting the Plaintiff to proceed IFP. See id. The Court must review pro se complaints liberally, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had

2

an opportunity to respond." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "Even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal." Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## IV. DISCUSSION

Like his Complaint, Plaintiff's Objections are often difficult to follow, and at times stray from legal argumentation into something more akin to a manifesto. Liberally construing the filing, however, Plaintiff does raise specific objections to Judge Dancks' application of the Rooker-Feldman doctrine and sovereign immunity. Accordingly, the Court reviews these aspects of the Report-Recommendation de novo.

The Court also addresses additional arguments that Plaintiff raises in the Objections but were not discussed in the Report-Recommendation.

### A. Rooker-Feldman

The Rooker-Feldman doctrine precludes federal subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 281 (2005). Four requirements must be met for Rooker-Feldman to apply:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain[ ] of injuries caused by [a] state-court judgment[.]' Third, the plaintiff must 'invit[e] district court review and rejection of [that] judgment[ ].' Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced.'"

Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (quoting Exxon Mobil, 544 U.S. at 281.

Judge Dancks held that these four conditions were met because Plaintiff, "who has lost in state court and who now complains of injuries caused by the state court, invites this Court to review and reject the state court order, which was issued on November 18, 2016, well before Plaintiff filed his complaint in federal court on March 4, 2019." R. & R. at 8–9. Plaintiff objects that Rooker-Feldman "does not apply to interlocutory decisions in state courts," and that his "claim is independent and separate from this as evidenced by the true nature of the complaint and would not apply here." Objs. at 2. These arguments are without merit.

First, there is no indication the state court decision is interlocutory. In fact, as Judge Dancks noted, it appears this decision became final in 2016. R. & R. at 9; see also Compl. at 4; Objs. at 3 (noting that Plaintiff has "waited 3 years" since the family court decision to bring this

4

claim). Second, Plaintiff's claims are not independent and separate from the state court decision. The Complaint asserts that the Madison County Family Court violated Plaintiff's civil rights when it terminated his parental rights, and he requests that his parental rights be restored. Compl. at 4. This request invites review of the family court decision; the fact that he attempts to raise constitutional claims to do so makes no difference. See Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 86 (2d Cir. 2005) ("Just presenting in federal court a legal theory not raised in state court, however, cannot insulate a federal plaintiff's suit from *Rooker–Feldman* if the federal suit nonetheless complains of injury from a state-court judgment and seeks to have that state-court judgment reversed."). Accordingly, the Court adopts the recommendation that the Complaint be dismissed for lack of subject matter jurisdiction under Rooker-Feldman.

### B. Domestic Relations Exception

Under the domestic relations exception, federal courts do not have "power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). "Federal courts will dismiss actions aimed at changing the results of domestic proceedings, including orders of child custody." Rabinowitz v. New York, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004).

Plaintiff does not raise any specific objections to the applicability of the domestic relations exception. While Plaintiff perhaps alludes to the issue at times, his objections are too general to warrant de novo review.[2] See Barnes, 2013 WL 1121353, at *1 Thus, the Court reviews the recommendation that Plaintiff's complaint be dismissed under the domestic relations

---

[2] See, e.g., Objs. at 2 ("No state law supersedes federal law."); 3 ("This is not what the constitution states, nor is this acceptable to state that no matter who they hurt and how badly there is zero recourse even when its being done on a daily basis, in every county and state across this country, to all of our children. If we accept this, we will all be led to slaughter by the power of the state.").

5

exception for clear error and finds none. Accordingly, the Complaint is dismissed for lack of subject matter jurisdiction under the domestic relations exception.

### C. Purported Claim on Behalf of all Children Impacted by Family Courts

In his Objections, Plaintiff states: "The true argument/ my basis for complaint was not merely to seek 50/50 custody and I believe this was blatantly obvious, my complaint aims at correction of psychological injuries my children-and all children are receiving from parental deprivation in family courts by ordering anything other than 50/50 custody arrangements for said children." Objs. at 2; see also Compl. at 6 ("Please hear my arguments and remedy/solutions with this court in regards to my children, as well as the other 17 million children whose lives that are in some stage of family court intervention/state interest."). To the extent Plaintiff attempts to bring claims on behalf of seventeen million children involved in family court proceedings—and even if such claims could escape the ambit of the domestic relations exception—Plaintiff lacks standing to assert them.

To establish standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016). Plaintiff's purported claim on behalf of all children in the family court system fails on the first prong. To allege an injury in fact, Plaintiff must have suffered "an invasion of a legally protected interest which is . . . concrete and particularized." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). In other words, Plaintiff must "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982).

Plaintiff's allegations of concrete, personal injuries pertain only to his claims regarding his own children. Compl. at 6 ("I have not seen my boys in 2 years because of a mother that decided only her love matters . . . ."). Though Plaintiff opines at length about the harm he seeks to remedy with his purported claim on behalf of seventeen million children, he asserts only broad, societal injuries. See Compl. at 7 ("The psychological injuries the state is creating both indirectly and directly, acutely and chronically are a serious problem."); Objs. at 3 ("The courts are creating the next generation of criminals, school shooters and drug addicts because of said deprivations . . . ."). These allegations fail to demonstrate that Plaintiff "personally has suffered some actual or threatened injury." Valley Forge, 454 U.S. at 472. Accordingly, to the extent Plaintiff attempts to assert a claim on behalf of all children involved in family court proceedings, the claim is dismissed for lack of standing.

**D. Immunity**

The Eleventh Amendment bars "a federal court action against a state or its agencies absent a waiver of immunity or congressional legislation specifically overriding immunity." Mamot v. Bd. of Regents, 367 F. App'x 191, 192 (2d Cir. 2010). It is well-settled that Congress did not abrogate states' immunity through § 1983, see Quern v. Jordan, 440 U.S. 332, 343–45 (1979), and that New York State has not waived its immunity from § 1983 claims. See generally Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38–40 (2d Cir. 1977). New York family courts, including Madison County Family Court, are part of "the New York State Unified Court System[, which] is unquestionably an arm of the State and is entitled to Eleventh Amendment sovereign immunity." Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009) (quotation and citation omitted).

Plaintiff argues that the Eleventh Amendment does not immunize local governments from private suits and cites Department of Revenue v. Kuhnlein for the proposition that "[s]overeign immunity does not exempt the state from a challenge based on the violation of federal or state constitutions . . . ." Objs. at 6–7 (quoting Dep't of Revenue v. Kuhnlein, 646 So. 2d 717, 721 (Fla. 1994), as clarified (Nov. 30, 1994)).

While these are both correct statements of law, they are not responsive to the Magistrate Judge's recommendations. As the Report-Recommendation noted, the Madison County Family Court is an arm of the state; local government's lack of immunity is inapposite. Gollomp, 568 F.3d at 368; McKnight v. Middleton, 699 F. Supp. 2d 507, 521 (E.D.N.Y. 2010), aff'd, 434 F. App'x 32 (2d Cir. 2011). Second, Department of Revenue v. Kuhnlein is a state court decision that considered whether a *state court* could hear "a challenge based on violation of the federal or state constitutions." 646 So. 2d at 721. This does not negate the Eleventh Amendment's bar on "a *federal court* action against a state or its agencies absent a waiver of immunity or congressional legislation specifically overriding immunity." Mamot, 367 F. App'x at 192 (emphasis added). Thus, the State of New York and the Madison County Family Court are entitled to sovereign immunity.

Plaintiff does not directly address the finding that Judge O'Sullivan and Magistrate Dexter are entitled to judicial immunity. Thus, the Court reviews this for clear error, Barnes, 2013 WL 1121353, at *1, and finds none. Judge O'Sullivan and Magistrate Dexter are therefore entitled to judicial immunity.

Accordingly, the Court adopts the recommendation that Plaintiff's Complaint be dismissed under 1915(e)(2)(b)(iii) because all defendants are entitled to sovereign or judicial immunity.

8

### E. Wanted Poster

The Objections include a paragraph alleging that Plaintiff "received an injury based on an unnecessary wanted poster with [Plaintiff's] face on it" and that his "career has been ruined due to this poster." Objs. at 5. Plaintiff did not mention this issue in his Complaint. See generally Am. Compl. "[A] district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance." Vail v. Smith, No. 12-CV-234, 2015 WL 792224, at *1 (N.D.N.Y. Feb. 25, 2015). "Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance." Id. Because there is no indication that Plaintiff was unable to assert this claim before the Magistrate Judge, the Court declines to entertain this argument.

### F. Conflict of Interest

Finally, Plaintiff alleges that "[b]ased upon Northern District Courts [sic] recommendations there is a bias decision [sic] occurring due to a conflict of interest in this particular matter. A judge that works for and is affiliated with the same state I am suing is a direct conflict of interest and has produced a biased decision because of these circumstances." Objs. at 7. Plaintiff requests "change of venue by whatever means necessary to accomplish this, out of the state if possible, to the supreme court who is able to hold jurisdiction." Id.

This request is without merit for many reasons, of which the Court only addresses two. First, United States Magistrate Judges are not state employees. 28 U.S.C. § 631 ("The judges of each United States district . . . shall appoint United States magistrate judges . . . to serve at such locations within the judicial districts . . . ."). And in any event, "a judge is not disqualified by a litigant's suit or threatened suit against him," United States v. Studley, 783 F.2d 934, 940 (9th

Cir. 1986), much less a litigant's suit against the state in which a judge is federally employed. Plaintiff's request is denied.

### G. Leave to Amend

Judge Dancks recommended that the Complaint be dismissed without leave to amend because the defects in the Complaint could not be cured by an opportunity to amend. R. & R. at 11. The Court agrees. See Rogers v. Clinton, No. 19-CV-175, 2019 WL 3454099, at *2 (N.D.N.Y. July 31, 2019) (Kahn, J.) (dismissing for lack of subject matter jurisdiction and without leave to amend) appeal dismissed, No. 19-2632, 2019 WL 6218814 (2d Cir. Oct. 30, 2019).

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 8) is **APPROVED AND ADOPTED in its entirety**; and it is further

**ORDERED**, that all of Plaintiff's claims are **DISMISSED without leave to amend**; and it is further

**ORDERED**, that Plaintiff's request for a change of venue based on an alleged conflict of interest is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: January 14, 2020
Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge